Electronically Filed
Intermediate Court of Appeals
29519
14-NOV-2011
10:54 AM

NO. 29519

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TIMOTHY A. KAKALIA, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 08-1-0233
(Cr. Nos. 56128, 93-1006, & 94-2234))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Timothy S. Kakalia (Kakalia) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Writ of Error Coram Nobis" (FOF/COL/Order) filed on December 4, 2008 in the Circuit Court of the First Circuit (circuit court),[1] as amended by the September 1, 2009 "Amended Order Granting Motion to Amend Findings of Fact, Conclusions of Law, and Order Denying Petition for Writ of Error Coram Nobis."

On June 10, 2008, Kakalia filed the Verified Petition for Writ of Error Coram Nobis (Petition). He contended:

1. The judgments of conviction entered in Cr. Nos. 56128, 93-1006, and 94-2334 were invalid because of fraud,

_____

[1] The Honorable Michael D. Wilson presided.

negligence, or mistake, which adversely affected the judgments' validity and the regularity of the criminal proceedings instituted by the State of Hawai'i (State) against him.

2.    The trial courts in Cr. Nos. 56128, 93-1006, and 94-2334 were deprived of personal jurisdiction over him because at the time of his arrests, indictments, convictions, and imprisonments, he was mentally incapacitated and under the jurisdiction of the director of health by virtue of his commitment pursuant to Hawaii Revised Statutes (HRS) § 704-411.

3.    His right to a fair trial was irreparably violated when he was prosecuted, convicted, and imprisoned while mentally incapacitated and his Sixth Amendment right to effective assistance of counsel was violated because his assigned attorneys failed to recognize and assert a meritorious defense of continuing insanity.

4.    His confession for the robbery offenses in Cr. No. 56128 cannot be used against him because it was made by a person who had been judicially adjudged mentally incapacitated and whose status had not been formally terminated by the court.

5.    The State withheld exculpatory evidence at the grand jury hearing in Cr. No. 56107 that would have negated his guilt and failed to disclose evidence to the grand jury in Cr. No. 56128 that would have prevented an indictment against him.

6.    His due process rights were violated when (a) the sanity panel appointed to examine him omitted certain factual information that was pertinent and crucial to his penal responsibility in Cr. No. 56128 and (b) the court denied his motion to retain an independent expert's services to examine him pursuant to HRS § 704-409.

7.    His plea bargain in Cr. No. 56128, wherein his attorney advised him to plead guilty to Cr. No. 56128 in exchange for a nolle prosequi of Cr. No. 56107, and the acceptance of his guilty plea were invalid because of fraud or mistake that

2

adversely affected the validity of the plea and the regularity of the Hawaiʻi Rules of Penal Procedure (HRPP) Rule 11 proceedings.

8.    He suffered and/or continues to suffer adverse collateral consequences and/or legal disability apart from his judgments of conviction in Cr. Nos. 56128, 93-1006, and 94-2234.

9.    The State knew or should have known that he had been previously adjudicated mentally incapacitated, but nevertheless the State, through fraud, negligence, or mistake, instituted criminal actions against him while he was mentally incapacitated, a fact that was never addressed or put at issue throughout all stages of his criminal prosecutions.

The circuit court found that the Petition was patently frivolous and without a trace of support and Kakalia's arguments had been previously considered and ruled upon.  The circuit court denied the Petition without a hearing.

On appeal,[2] Kakalia contends the circuit court erred in finding that he had waived the matters set forth in the Petition and that Conclusions of Law (COLs) 3 and 4[3] are wrong.

---

[2]  Kakalia's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(3) in failing to include in the statement of the case, "record references supporting each statement of fact or mention of court . . . proceedings."  (Emphasis added.)  Also, this court should not have to look through pages 1-155 of the record on appeal to find the exact page to which Kakalia is referring.  Kakalia's brief does not comply with HRAP Rule 28(b)(4) in that each point of error does not state "(ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency."  Kakalia's counsel is warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP 28(b)(3) and (4) may result in sanctions against him.

[3]  The circuit court filed the FOF/COL/Order, and Kakalia appealed.  The State filed a motion to remand to amend the FOF/COL/Order, and this court granted the motion.  On remand, the State filed its motion and attached a "'Suggested Amendment' Findings of Fact, Conclusions of Law, and Order" (Suggested Amendment).  The circuit court filed an order and an amended order granting the State's motion, but the court never filed an amended FOF/COL/Order nor did the court specifically adopt the Suggested Amendment.  Kakalia states in his opening brief that he contests COLS 2 and 3, which appear to be from the Suggested Amendment; however, nowhere in his brief does he quote the exact COLs that he is contesting.  The contested COLs 2 and 3 are expanded versions of COLs 3 and 4 found in the FOF/COL/Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude the circuit court did not err by denying the Petition because the issues raised therein were either previously ruled upon or waived.  HRPP Rule 40(a)(3).

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Writ of Error Coram Nobis" filed on December 4, 2008 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, November 14, 2011.

On the briefs:

Richard D. Gronna
for Petitioner-Appellant.

Jeffrey M. Albert,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge